UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scotty Iverson Floyd,

      Plaintiff,

v.                                          **MEMORANDUM OPINION AND ORDER**
                                              Civil No. 04-3047 ADM/RLE

Marty Anderson, Warden;
T.C. Peterson, Warden;
Dr. George Santini; P.A. C. Reudy;
P.A. Edmonds; P.A. Liz Evans;
H.S.A. Furtenz; Asst. H.S.A. Val Encarnanze;
C.R.N.P. Muth; H.S.A. Chapman;
P.A. Bea Glavinovich; and Does 1-20;

      Defendants.

_____

Scotty Floyd, *pro se*.

Patricia R. Cangemi, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge pursuant to the Objections of Plaintiff Scotty Floyd ("Floyd") [Docket No. 40] to the August 11, 2005 Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Docket No. 39]. The R&R recommends this Court grant the Defendants' Motion to Dismiss Alternatively for Summary Judgment [Docket No. 26] and dismiss Plaintiff's Complaint [Docket No. 1].

The Plaintiff, a Federal prisoner at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"), brings this action under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). He alleges that the medical care he received from prison officials and

medical personnel following an injury to his ankle was so deficient as to constitute a violation of his Eighth and Fourteenth Amendment rights. The R&R found Plaintiff failed to allege any genuine issue of material fact that would allow him to prove a constitutional violation. Furthermore, the Defendants are protected by qualified immunity since they were performing discretionary functions that were not clearly unlawful. R&R at 30-32. The factual and procedural background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth herein, the Objections are denied and the R&R is adopted.

## II. DISCUSSION

The district court must undertake an independent, de novo, review of those portions of an R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Plaintiff objects to the R&R on several grounds. First, the Plaintiff objects to the finding that the facts do not constitute a constitutional violation. Second, Plaintiff objects to the finding that the record presents no genuine issue of material fact. Third, the Plaintiff objects to the finding that all of the Defendants are entitled to qualified immunity. Finally, the Plaintiff contends that summary judgment is inappropriate without further discovery.

### A.     Alleged Constitutional Violations

The Plaintiff objects to the R&R finding that the Defendants' treatment of his ankle injury does not constitute a violation of the Eighth Amendment. Plaintiff mischaracterizes case law to the extent that he implies that any delay by prison officials or failure to pursue a medical

treatment option, related to any injury, has been held to rise to the level of a constitutional violation.

The R&R sets forth the pertinent law:

> "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail on a claim of constitutionally inadequate medical care, an inmate must "demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulaney v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).... "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent judgment." Id.

R&R at 24-25. The conclusion of the R&R that the treatment actions of the Defendants do not constitute deliberate indifference because they do not rise to the required threshold is adopted. While Plaintiff may well have suffered an ankle sprain or strain which continued to cause pain, the cases carefully specify that a serious medical need is either shown by a diagnosis or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). Here, the lack of another medical diagnosis after numerous examinations, X-rays, and an orthopedic consultation, coupled with the findings that Plaintiff was walking normally and had little if any decreased range of motion, swelling, or tenderness after the initial swelling subsided, is evidence that his injury did not rise to the level of an objectively serious medical need. A similar foot injury has been held not to be an objectively serious medical condition. Chatin v. Artuz, No. 95 Civ. 7994, 1999 WL 587885 at *3 (S.D.N.Y., Aug. 4, 1999), aff'd 28 Fed. Appx. 9, 10 (2nd Cir. 2001) (foot injury variously diagnosed as a sprained ankle, bone spur, or neuroma did not constitute an objectively serious medical condition).

Additionally, the record details a pattern of treatment by prison officials which can not be properly characterized as deliberate indifference. Plaintiff received prompt examination on multiple occasions and treatment which included crutches, pain medication, and instructions for self-therapy. R&R at 29. The record reveals that instead of showing deliberate indifference, the Defendants were made aware of his injury and supplied suitable care. While the Plaintiff argues that a wait of 24 hours for initial examination, failure to supply a recommended brace, and failure to perform an MRI scan of the ankle indicate deliberate indifference by prison officials, these complaints, even if proven, do not give rise to a viable Eighth Amendment claim. Inmates have no constitutional right to particular treatment, and doctors may exercise independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Plaintiff's dissatisfaction with his treatment is understandable, but he has not shown that his condition was either objectively serious or that the Defendants were deliberately indifferent to his injury. Plaintiff's claims do not meet the level required for a constitutional violation, and must be dismissed.

**B.     Alleged Issues of Material Fact**

Plaintiff alleges that he has established genuine issues of material fact to preclude summary judgment. While his objections are somewhat unclear, he appears to claim that his injury is more severe than a sprained ankle, and thus the specific diagnosis is in dispute, as well as the propriety of the Defendants' treatment actions. He also argues he has presented a question as to whether Defendants were deliberately indifferent and "whether the defendants are qualified to make diagnoses and recommend treatments." Objections at 8.

The question of the Defendants' qualifications was not pleaded in Plaintiff's Complaint, and may not be raised at this time. As to Plaintiff's other points, the parties appear to be in

4

accord that the Plaintiff has suffered an injury which has troubled him.  As discussed above, the question of the seriousness of that injury would be relevant to establishing a <u>Bivens</u> claim only if the injury rises to the level of an objectively serious medical condition.  On the facts presented, including Plaintiff's medical record, even construing all justifiable inferences in Plaintiff's favor, Plaintiff has presented no existing facts which could establish a constitutional claim.  Therefore, he has not presented any genuine issue of material fact.

**C.     Qualified Immunity**

The Plaintiff also objects to the conclusion of the R&R that the Defendants are shielded from liability by qualified immunity.  The Court need not reach this issue, since Plaintiff's claims do not present a constitutional question, but does so in the interest of completeness.

As detailed in the R&R, "[g]overnment officials performing discretionary functions are generally shielded from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." R&R at 31, <u>citing</u>, <u>inter alia</u>, <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999).  The law is clearly established that deliberate indifference to the serious medical needs of a prisoner violates the Eighth Amendment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976).  Thus a reasonable person should have known of those rights.  However, Defendants' actions did not rise to the level of deliberate indifference.  The R&R correctly finds that the unlawfulness of the treatment given "was far from apparent," since prison officials and medical officers have discretion to choose between treatments and the Defendants were responsive to Plaintiff's needs.  R&R at 32.  Therefore, the Defendants are entitled to qualified immunity.

**D.     Discovery**

Finally, the Plaintiff objects to the R&R on the grounds that further discovery should be conducted before summary judgment is appropriate.  However, the Plaintiff has not identified what he has not been able to discover in this litigation that would assist him in presenting his claims.  Plaintiff's entire medical record has been made available to him.  While he contests some of the findings made by medical personnel, there is no indication that further discovery will shed any more light on the actions of those personnel or the nature of his injury at the time. In addition, Plaintiff's claims of systemic violations at FCI-Sandstone were not pled in his Complaint, and so are improperly raised here; no evidence has been produced showing such systemic violations, and such evidence would be of limited admissibility in furthering Plaintiff's claims. Because the Plaintiff has failed to present any genuine issue of material fact, summary judgment is appropriate.

For the aforementioned reasons, Plaintiff's Objections are denied and the R&R is adopted in its entirety.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation [Docket No. 39] is **ADOPTED**;

2. Defendants' Motion to Dismiss Alternatively for Summary Judgment [Docket No. 26] is **GRANTED**; and

3. Plaintiff's Objections to the Report and Recommendation [Docket No. 40] are **DENIED**; and

4. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 23, 2005.